IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| REYES GUADALUPE MARTINEZ-RUIZ, <br><br> Movant, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. 07-00568-CV-W-ODS-P <br> Crim. No. 05-00132-03-CR-W-ODS |

ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255 AND (2) DENYING CERTIFICATE OF APPEALABILITY

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion is denied, and the Court also declines to issue a Certificate of Appealability.

I. BACKGROUND

Movant was convicted following a jury trial of conspiring to distribute fifty grams or more of methamphetamine, aiding and abetting the distribution of fifty grams or more of methamphetamine, aiding and abetting the travel in interstate commerce to distribute methamphetamine, and illegal re-entry by a deported alien. Movant was detained after leaving a house that was the subject of a drug trafficking investigation. A subsequent search of the house revealed various drug paraphernalia, over 307 grams of methamphetamine in a PVC pipe under a bed, and another 334 grams of methamphetamine in a closet.

The jury returned guilty verdicts on all counts and the Court sentenced Movant to concurrent sentences of 210 months each for the conspiracy and distribution charges, 60 months for the interstate travel charge, and 24 months for re-entry; a total of five

years of supervised release; and a $400 special assessment. Movant appealed, arguing the evidence was insufficient to support his conviction. The Eighth Circuit determined sufficient evidence existed to support the convictions and affirmed. Castro-Gaxiola, 479 F.3d 579, 583-84 (8th Cir. 2007).

Construing his § 2255 motion liberally, Movant presents three claims of ineffective assistance of counsel based on his attorney's failure to object to and appeal: (1) the introduction of hearsay statements, (2) that the drug quantities used to determine Movant's sentence were in excess of the jury's guilty verdict; and (3) that the jury instructions given were insufficient to support the defense's theory of the case.

## II. DISCUSSION

A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v.

2

United States, 223 F.3d 919, 925 (8th Cir. 2000).

*A. Introduction of Hearsay*

Movant claims that defense counsel was ineffective for failing to object to or appeal alleged hearsay testimony introduced at trial. However, other than the bald assertion that "confidential hearsay statements were introduced without the possibility of confrontation," the motion does not identify any such testimony from the records of the proceeding.[1] Even applying a liberal construction of the pleadings, without more specificity the Court is unable to discern whether the testimony was, in fact, objectionable, whether counsel acted unreasonably in failing to object, or whether Movant was prejudiced thereby. Consequently, Movant cannot prevail on this claim.

*B. Drug Quantities Used in Sentencing*

Movant also claims that his counsel was ineffective for failing to object to or appeal the drug quantity used to determine his sentence. Movant first contends that the evidence in the record is insufficient to determine the drug quantity attributed to him at sentencing. However, the quantity used at sentencing was based on a forensic laboratory report which the parties stipulated to prior to trial. The lab report, in turn, was based on the quantities of the drug seized from a residence which the evidence showed Movant had just visited to engage in a drug transaction. Thus, the evidence in the record was sufficient to determine the amount used to calculate Movant's sentence. Movant also states that the drug quantity used to determine his sentence was in excess of the jury verdict. However, in the verdict form the jury found "beyond a reasonable doubt the amount of methamphetamine involved in the conspiracy to be fifty (50) grams *or more.*" Jury Verdict (Doc. # 114) at 2 (emphasis added). Therefore, the amount of more than 500 grams used to calculate Movant's sentence was not in excess of the jury verdict.

---

[1] Movant did not file Reply Suggestions to the Government's Suggestions in Opposition to his Motion, despite being given additional time in which to do so.

Finally, Movant alleges that the jury verdict did not reflect the drug quantities which were distributed prior to his entry into the conspiracy.  However, the case did not involve a long-term conspiracy.  Rather, the amounts used in determining Movant's sentence were directly attributable to two quantities of methamphetamine seized from a residence: 307 grams found under a bed and another 334 grams found in a closet.  Movant fails to identify any facts in the Record facts that even suggest his participation in the conspiracy involved some lesser amount of methamphetamine.  Because Movant's claims regarding the quantity of drugs used to determine his sentence lack merit, his counsel's performance was not deficient for failing to object to or appeal this amount.

*C. Jury Instructions*

Finally, Movant contends that his counsel was ineffective in failing to object to or appeal the jury instructions, arguing they did not adequately instruct the jury that mere presence, mere proximity, and mere association, are insufficient to establish a conspiracy.  However, the second paragraph of Jury Instruction No. 21 states:

> You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an agreement or understanding.  A person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of one, does not thereby become a member.

This instruction was taken directly from the Eighth Circuit Manual of Model Jury Instructions § 5.06B.  Movant fails to specify how the instruction is insufficient in instructing the jury.  Because the instructions given were sufficient, Movant's counsel's performance was not deficient in failing to object to them, and Movant's claim must fail.

## III. CERTIFICATE OF APPEALABILITY

In order to appeal, Movant must first obtain a Certificate of Appealability.  The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Motion because the issues are fresh in the

4

Case 4:07-cv-00568-ODS   Document 11   Filed 01/09/08   Page 4 of 5

Court's mind and efficiency is promoted.  28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right."  This requires Movant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted).

The Court has conducted an independent review of the matter and concludes that a Certificate of Appealability should be denied.  When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue."  Movant's underlying contentions of trial and sentencing error are either without merit or lack sufficient specificity for a Court to determine their merit, so there is no basis for any court to conclude counsel violated Strickland's performance prong.

### III. CONCLUSION

For the foregoing reasons, Movant's application for relief pursuant to 28 U.S.C. § 2255 is denied and a Certificate of Appealability will not be issued.

IT IS SO ORDERED.

                 /s/ Ortrie D. Smith
                 ORTRIE D. SMITH, JUDGE
DATE: January 10, 2008        UNITED STATES DISTRICT COURT